THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH THERIOT, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered September 13, 1972, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence. Judgment modified, on the law, by vacating the sentence, and case remanded to the County Court, Orange County, for resentence. As so modified, judgment affirmed. The indictment against defendant contained 19 counts, including five counts of attempted murder. On June 29, 1972, appellant withdraw his prior not guilty plea and pleaded guilty to the sixth count (assault in the first degree) to cover the entire indictment. In imposing sentence, the court stated: "It is the judgment and sentence of this Court that you be committed to the custody of the New York State Department of Correctional Services for an indetermiate term, the maximum of which shall not exceed 15 years, and to be delivered to the Ossining Correctional Facility at Ossining, New York." After defendant was apprised of his right to appeal, the court was advised that he was 20 years of age. After some colloquy the court stated: "That is the maximum. You are right, I can't give you any more. I revoke the judgment and sentence of the Court that has been just made. It is the judgment and sentence of this Court that you be committed to the custody of the New York State Department of Correctional Services for a reformatory term, the maximum of which shall not exceed 15 years, to be delivered to the correctional facility at Elmira Reception Center, at Elmira, New York. That is just a different location, that is all I can give you." In our opinion, it is necessary that defendant be resentenced because it is unclear whether the court intended to impose a "reformatory sentence" or an indeterminate prison sentence not to exceed 15 years. On the date of the subject sentence, a reformatory sentence was defined by statute as one "for a period of unspecified duration which shall commence and terminate as provided in section 75.10 [of the Penal Law] and the court shall not fix the minimum or maximum length of the period" (Penal Law, § 75.00, subd. 2). Under subdivision 1 of section 75.10 of the Penal Law, a reformatory period could not run beyond four years after the date the period commenced. At bar, the sentencing court noted: "He took the gun and went in and fired the gun and shot her up. This girl will never be able to walk again in life. She was seriously injured and wounded, and she will have a life of desperation for the full length of her years." Under these circumstances, we do not necessarily assume (as does defendant) that the sentencing court intended merely a "reformatory sentence" and that the 15-year maximum must be stricken. If the sentencing court did intend a reformatory sentence, we note that imposition thereof nunc pro tunc on remand would not be barred by the fact that defendant is no longer under 21 (People v. Maybusher, 25 A D 2d 784). However, we note that section 7 of chapter 652 of the Laws of 1974 (eff. May

30, 1974) provides: "§ 7. Article seventy-five of such law is hereby repealed; provided, however, that the provisions of such article shall continue to apply in any case where a reformatory sentence of imprisonment was imposed prior to the effective date of this act." Under all of the circumstances, the maximum term of defendant's sentence should not be left to conjecture and accordingly resentence is required. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.